## MARYLAND CASUALTY CO. v. CITY OF SOUTH NORFOLK et al.
### No. 3239.

Circuit Court of Appeals, Fourth Circuit.

March 7, 1932.

J. W. Eggleston and Braden Vandeventer, both of Norfolk, Va. (Vandeventer, Eggleston & Black, of Norfolk, Va., and George W. Dexter, of Baltimore, Md., on the brief), for appellant.

Tazewell Taylor, Jr., and E. A. Bilisoly, both of Norfolk, Va. (Roland Thorp and James G. Martin, both of Norfolk, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

In our opinion filed in this cause on January 12, 1932, we held that "the bond sued on guaranteed the claims for labor and materials furnished under the original contract, but did not cover the claims under the supplemental contract." Confusion as to what was meant by this seems to have arisen, because in concluding our opinion we stated that the decree appealed from would be affirmed, except in so far as it allowed claims for materials furnished under the supplemental contract, as to which it was reversed. This confusion is due to the fact that the special master in his report showed materials proven to have been furnished under the original contract, materials proven to have been furnished under the supplemental contract, and materials furnished the contractor for use in paving in South Norfolk without proof as to whether same were used under the original or the supplemental contract. The de-

cree of the court, however, which was the matter with which we dealt, allowed all of these claims. A petition has been filed by the appellant calling our attention to the findings of the special master and requesting that a rehearing be granted or the opinion modified so as to clear up the confusion which has arisen.

We see no occasion for a rehearing, as we think it perfectly clear that appellant is liable under its bond only for materials furnished for use under the original contract; and this is what we intended to state in our former opinion. The fact that the special master had failed to allocate certain claims to either the original or supplemental contract was not stressed in the briefs or argument and was overlooked. Of course, the burden rests upon the claimants to show that materials furnished by them were for use under the contract covered by the bond. 40 C. J. 457; Davis v. Alvord, 94 U. S. 545, 24 L. Ed. 283; United States F. & G. Co. v. U. S., 54 App. D. C. 342, 298 F. 365, 368; Tod v. Kentucky Union Ry. Co. (C. C. A. 6th) 52 F. 241, 248, 18 L. R. A. 305. This does not mean, necessarily, that the parties are bound by the findings of the special master heretofore made with respect to the matter. On the first hearing, the court below was of opinion that there was no liability under the bond for any of the claims. The second proceeded on the theory that the bond protected all of them. On neither was there occasion for the trial court to distinguish between the claims on the basis of the contracts for which labor and materials were furnished. In view of our decision upon the last appeal, however, this becomes imperative; and we think that the parties are entitled to have the court below review the findings in the light of the evidence with a view of determining, if possible, as to all of the claims in controversy, for which of the contracts the labor or materials covered by them were furnished. In the course of such determination, the court will pass upon the questions involved in the light of the evidence already taken, and, if justice so requires, may recommit the cause to the master to hear additional evidence or make additional findings.

The opinion and decree heretofore entered will be modified in accordance with this opinion, and the cause will be remanded to the court below for further proceedings in accordance therewith.

Petition for rehearing denied, and opinion and decree modified.