805 F.2d 465
 1987 A.M.C. 583, 6 Fed.R.Serv.3d 318
 CRUICKSHANK & CO., LIMITED and Pestonjee Bhicajee (Kutch),
Plaintiffs-Appellees,
v.
DUTCHESS SHIPPING CO., LTD., International Ship Management,
Inc., and Stavros K. Sorros, Defendants,
Maria and Elias Pateras, John Moscahlaides, Nonparty Appellants.
 No. 6, Docket 86-7319.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 2, 1986.
Decided Nov. 10, 1986.
 
 Julius Y. Oestreicher, White Plains, N.Y. (Oestreicher & Ennis, of counsel), for nonparty appellant Moscahlaides.
 Eileen West, New Rochelle, N.Y. (Goodstein & West, of counsel), for nonparty appellants Pateras.
 John C. Koster, New York City (Michael P. Kaelin, Healy & Baillie, of counsel), for appellees Cruickshank & Co., Limited and Pestonjee Bhicajee (Kutch).
 Before MANSFIELD, PIERCE, and PRATT, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 This is the second time this case has come before us. On the earlier appeal the corporate defendants, Dutchess Shipping Co., Ltd. ("Dutchess") and International Ship Management, Inc. ("ISM"), did not appeal, but we reversed and dismissed the complaint as against the individual defendant, Stavros Sorros. Cruickshank & Co., Ltd. v. Sorros, 765 F.2d 20 (2d Cir.1985). Now, movant-appellants, who are not parties to the action, but who are the directors and officers of the corporate defendants, seek to intervene and gain the benefit of our decision in favor of Sorros through a motion under Fed.R.Civ.P. 60(b)(5) and (6) to vacate the judgment against the corporations. Perceiving no abuse of discretion by the district court in denying the motion, we affirm.
 
 BACKGROUND
 
 2
 Assuming familiarity with our earlier decision, we shall review only those facts necessary to understand this appeal.
 
 
 3
 Cruickshank, an Indian corporation, contracted with ISM to service the Irinio, a ship belonging to and managed by the corporate defendants, while it was in port at Vadinar, India. While in port, the Irinio incurred "pull-back" charges in the amount of $142,000. To avoid paying the charges, the corporate defendants caused the Irinio to depart without proper clearance from port authorities.
 
 
 4
 Plaintiffs sued in the United States District Court for the Southern District of New York, alleging among other things breach of ISM's contractual obligation to satisfy the charges. The corporate defendants defaulted on liability but contested damages. After a trial Judge Mary Johnson Lowe found that defendant Sorros, an employee of ISM, was liable under a theory of conversion, a tort that plaintiffs had not alleged, and ultimately assessed damages totalling $1,009,619.65 against all defendants, jointly and severally.
 
 
 5
 This court then reversed as to Sorros. We noted that we were "unable to fathom how there can be liability for conversion", 765 F.2d at 21, and found that "the district court mistook a case in contract for one in tort," id. at 25. Since Sorros was not a party to the contract, we held that he could not be liable for its breach. As to the corporations, however, the panel specifically noted that, "[t]he corporate defendants defaulted in the district court and do not now appeal; we therefore do not address the propriety of the judgment entered against them." Id. at 26.
 
 
 6
 Plaintiffs then commenced an action in state court, seeking to pierce the corporate veil and hold the individual directors and officers liable for the judgment against Dutchess and ISM, both of which were judgment-proof. Faced with the prospect of potential personal liability in the state court action, the directors and officers moved before Judge Lowe under rule 60(b)(5) and (6) to have the corporations relieved from the judgment. 112 F.R.D. 4. Had the motion been granted, or if the movants are successful on this appeal, the amount of damages which the plaintiffs might be entitled to recover in the state court action could be substantially reduced. Movants claimed that the basis for the judgment against the corporations had been erased by our decision on Sorros's appeal, and that the circumstances surrounding the corporations' decision not to appeal that judgment constituted extraordinary conditions justifying relief.
 
 
 7
 Judge Lowe denied the motion, holding that the corporate decision not to appeal was a conscious and considered one, and that a rule 60(b) motion may not be substituted for a timely appeal. This appeal ensued.
 
 DISCUSSION
 
 8
 Appellants raise essentially the same contentions advanced before Judge Lowe. They rely on subsections (5) and (6), two distinct provisions of rule 60(b). If they are entitled to prevail under subsection (5), they are ineligible for relief under subsection (6), which allows relief only for "[a]ny other reason [than those enumerated in subsections 1 through 5] justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6); see also 11 C. Wright and A. Miller, Federal Practice and Procedure Sec. 2864 at 217 (1973). We therefore first consider appellants' claim under subsection (5).
 
 
 9
 A. Rule 60(b)(5).
 
 
 10
 Rule 60(b)(5) permits, in relevant part, relief from the operation of a judgment where "a prior judgment upon which it is based has been reversed or otherwise vacated." Appellants contend that our earlier reversal and dismissal as to defendant Sorros necessarily undermined the district court's original decision against the corporations.
 
 
 11
 We reject this claim for two reasons. First, we are not convinced that our earlier opinion does undercut the judgment against the corporate defendants. A careful reading of that decision reveals that while the contract for services and not a tort theory of conversion appeared to be the only available basis for liability, we did not, because the corporations had not appealed, either determine the validity of the contract claim or address the appropriate level of damages assessed against the corporate defendants for breach of the contract.
 
 
 12
 Contrary to the assertion of appellants, the $142,000 in "pull-back" charges is not the only element of damages "which may appropriately be allocated to the breach of contract claim." Appellants' Brief at 38. For example, the $336,000 awarded by the district court as special damages stemming from the loss of appellee Kutch's stevedoring license might be viewed as an element of the harm caused by the defendant corporations' breach of contract.
 
 
 13
 Second, even if our Sorros decision did undermine the basis for some or all of the damages assessed by Judge Lowe against the corporations, we would still conclude that the failure of the corporate defendants to appeal from the judgment left them bound by the result. At bottom, the reason the defendant corporations did not appeal was because they were judgment-proof, making the expense of taking an appeal greater than any possible benefit. The decision was thus the result of a simple cost-benefit analysis of the sort engaged in every day by litigants. The reality is that the movants miscalculated to the extent that they failed to reckon with appellees' persistence to the point of instituting the state court action. If the damages awarded to plaintiffs by Judge Lowe were unjustified, an appeal was the proper vehicle to correct the award. Having failed to appeal, movants cannot achieve the same result under the guise of a rule 60(b)(5) motion.
 
 
 14
 While it is true that an appellate court may, in its discretion, reverse or modify a judgment against a non-appealing defendant when its decision as to the appealing defendant wipes out the basis for recovery against the non-appealing party, it is also true that the Sorros panel expressly refused to do so, 765 F.2d at 26. On a rule 60(b) motion, such relief is limited to cases where "the interests of the non-appealing parties are so interwoven and dependent [with those of the appealing parties] as to be inseparable." Annat v. Beard, 277 F.2d 554, 558 (5th Cir.), cert. denied, 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960). As in Annat, Sorros's and the corporate defendants' "only joint interest was in the proposition of law which [Sorros] had resolved for its benefit and [the corporate defendants] did not." Id.
 
 
 15
 B. Rule 60(b)(6).
 
 
 16
 We further find no merit in the claim under rule 60(b)(6). No additional claims are advanced here; appellants simply argue on the same facts that there are "extraordinary circumstances" justifying the exercise of the district court's equitable powers.
 
 
 17
 Appellants point to their asserted lack of involvement in the affairs of the corporations, including the conduct of this litigation, as well as the suicide of Nicolas Pateras, the dominant personality in both corporations, eight days after judgment was entered. However, appellants concede that the primary reason their corporations did not appeal was because the apparent benefits of doing so were not worth the cost.
 
 
 18
 Failure to properly assess the risks and potential gains of taking an appeal is not an extraordinary circumstance that would justify relief under rule 60(b)(6). In Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), the Supreme Court rejected a motion by Hans and Frieda Ackermann to set aside a judgment denaturalizing them on grounds of fraud. The Ackermanns moved under rule 60(b)(6) after the judgment against a co-defendant, Max Keilbar, was reversed by stipulation upon his appeal. The Court's conclusion in Ackermann is appropriate here:
 
 
 19
 [Ackermann] made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the Keilbar case.
 
 
 20
 Ackermann, 340 U.S. at 198, 71 S.Ct. at 211.
 
 
 21
 It is possible that the burden of the judgment, and hence of the decision not to appeal that judgment, may ultimately fall on the appellants, depending on the outcome of the state proceeding in which appellees seek to pierce the corporate veil. Whether such liability should be transferred is a matter solely for the state court to decide under all the circumstances. Our decision should in no way be construed as controlling, or even instructive, on the merits of that state court application. Whether to pierce the corporate veil, and if so, whether to extend preclusive effect to the district court's judgment are matters of state law on which the various decisions of this court and the district court are not determinative. Moreover, we wish to remove any implication that by our decision we intend to signal any particular outcome for the state court proceeding. We do not perceive the issue of the appropriate level of damages, if any, chargeable to the individual directors and officers to have been finally determined by the district court's decisions or by our decisions on either of the appeals, and the state court should feel free to resolve de novo the issues before it, including damages if the state court determines under state law that the prior district court decision cannot support issue preclusion against officers and directors of the corporations. See Kupferman v. Consolidated Research and Manufacturing Corp., 459 F.2d 1072, 1081 (2d Cir.1972) (directors denied rule 60(b) relief not collaterally estopped by federal judgment from litigating issue of the effect of a release in state court proceeding).
 
 
 22
 The order denying the motion under rule 60(b) is affirmed.
 
 MANSFIELD, Circuit Judge (concurring):
 
 23
 I concur in Judge Pratt's characteristically thorough opinion except for its reliance, as an alternative basis for denying relief under Rule 60(b)(5), upon the premise that our earlier opinion, 765 F.2d 20, did not "wipe out" the basis for recovery against the non-appealing defendants. It is settled in this circuit that a reversal or modification in favor of an appealing party may benefit a non-appealing party when it "wipes out" the basis for recovery against the non-appealing party. Hegger v. Green, 646 F.2d 22, 30 (2d Cir.1981); In re Barnett, 124 F.2d 1005, 1009 (2d Cir.1942); see also Annat v. Beard, 277 F.2d 554, 558 (5th Cir.), cert. denied, 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960); Maryland Casualty Co. v. City of South Norfolk, 54 F.2d 1032 (4th Cir.), modified on other grounds, 56 F.2d 822 (4th Cir.), cert. denied, 286 U.S. 562, 52 S.Ct. 644, 76 L.Ed. 1295 (1932); Werner v. Carbo, 731 F.2d 204 (4th Cir.1984).
 
 
 24
 Since the basis for the district court's holding the non-appealing corporate defendants liable in the present case for damages in excess of $142,000 was that their agent, Sorros, committed a tort and we reversed as to him on the ground he could not be held liable for commission of an unpleaded tort, our decision "wiped out" any legal support for a claim against the corporate defendants based on the same unpleaded tort.
 
 
 25
 I am unable to agree with the majority opinion's statement that "the Sorros panel expressly refused" to wipe out the basis for recovery against the non-appealing corporate parties. On the contrary, it merely stated, "we therefore do not address the propriety of the judgment against them." Nor can I subscribe to the majority's statement that "even if our Sorros decision did undermine the basis for some or all of the damages assessed by Judge Lowe against the corporations, we would still conclude that the failure of the corporate defendants to appeal from the judgment left them bound by the result." In view of the Sorros panel's decision not to address the issue as to the non-appealing defendants and the identity of the claims against all defendants in the action, we must look to the substance of its ruling in order to determine what effect it might have on the non-appealing corporate defendants. Viewing the substance, I am persuaded that the Sorros panel's decision "wipes out" any basis for enforcing the judgment against the corporate defendants to the extent that it is based on the tort of conversion.
 
 
 26
 Since I agree, however, with the majority's first ground for affirming the denial of Rule 60(b)(5) relief, that at least some of the compensatory damages awarded to the plaintiffs might be upheld upon the claim for breach of contract, as distinguished from the unpleaded claim of tortious conversion, I concur in the result. My concurrence, however, should not be taken as approval of the district court's award of punitive damages, which are not allowable on a breach of contract claim. Thyssen, Inc. v. S.S. Fortune Star, 777 F.2d 57 (2d Cir.1985).
 
 PIERCE, Circuit Judge (concurring):
 
 27
 I concur in the views expressed by Judge Mansfield.