UNITED STATES of America, Plaintiff–Appellee,

v.

BANK OF NEW YORK, The funds in account no. 0105140790 at the Bank of New York, 239 Lyndon Boulevard, Elmont, New York and all proceeds thereof and CHEMICAL BANK, The funds in account no. 028–000–121213228467 at the Chemical Bank, 700 Merrick Road, Lynbrook, New York, Defendants,

Pak Lung Wu, All Assets of Pak Lung Wu on deposit with, located at, or under the control of the Bank of New York, 239 Lyndon Boulevard, Elmont, New York, All assets of Pak Lung Wu on deposit with, located at, or under the control of the Chemical Bank, 700 Merrick Road, Lynbrook, New York, Defendant–Appellant.

No. 559, Docket 93–6073.

United States Court of Appeals, Second Circuit.

Submitted Nov. 4, 1993.

Decided Jan. 24, 1994.

David Samel, New York City, for defendant-appellant.

Zachary W. Carter, U.S. Atty., Eastern District of New York (Robert L. Begleiter, Deborah B. Zwany, Stanley N. Alpert, Asst. U.S. Attys., Eastern District of New York, of counsel), for plaintiff-appellee.

Before: OAKES, KEARSE, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant Pak Lung Wu appeals from a judgment entered in the United States District Court for the Eastern District of New York (Johnson, J.), denying his motion pursuant to Fed.R.Civ.P. 60(b) ("Rule 60(b)") to set aside a consent decree.

Wu entered a plea of guilty in 1991 to a violation of 21 U.S.C. § 857 (1988), which makes it a crime to engage in interstate sale or transportation of "drug paraphernalia." In connection with Wu's arrest, the government commenced a civil forfeiture action pursuant to 21 U.S.C. § 881(a)(2)–(3), (a)(6) (1988), and 18 U.S.C. § 981 (1988), in an attempt to seize the assets in several of Wu's bank accounts. This was based on the theory that the assets were proceeds from the sale of crack vials that were used to facilitate the manufacture of a controlled substance. The parties eventually settled this action and executed a consent decree in 1992.

Subsequent to the settlement, this Court held in *United States v. Hong–Liang Lin,* 962 F.2d 251 (2d Cir.1992), that 21 U.S.C. § 857 did not criminalize the manufacture or sale of crack vials. On the basis of that decision, the district court reversed Wu's criminal conviction and dismissed the indictment. Following the reversal of his conviction, Wu moved pursuant to Rule 60(b) for relief from the settlement agreement. The motion was denied.

Wu now appeals, seeking to reverse the district court's judgment and vacate the consent decree under Rules 60(b)(1), (5), or (6). Wu claims that the consent decree, made pursuant to a settlement agreement disposing of the civil forfeiture action, is improperly based upon a vacated criminal conviction. We disagree.

For the reasons set forth below, we affirm the district court's judgment.

## BACKGROUND

Wu was arrested on July 12, 1990, and charged with offering for sale in interstate commerce plastic "crack" vials, in violation of 21 U.S.C. § 857. On February 1, 1991, Wu entered a plea of guilty to this charge. He was subsequently sentenced to five years' probation, a $20,000 fine, a $6,000 assessment for probation supervision, and a $50 special assessment.

In connection with Wu's arrest, the government commenced a civil forfeiture action in July 1990 pursuant to 21 U.S.C. § 881(a)(2)–(3), (a)(6) and 18 U.S.C. § 981, in an attempt to seize the assets in several of Wu's bank accounts. Wu initially failed to answer the complaint, and a default judgment was entered against him in November 1990. Wu thereafter moved to vacate the judgment, and the district court granted the motion in December 1991.

The government subsequently commenced a second forfeiture action against the proceeds of Wu's bank accounts. The parties settled this action, and executed a consent decree dated February 27, 1992. The consent decree was "So Ordered" by the district court a month later. Pursuant to the consent decree, the government returned one-half of the funds then under seizure, and removed a "Notice of Pendency" on a parcel of real property owned by Wu. In addition, the government waived its claim under 21 U.S.C. § 881(a)(6), which makes funds "used or intended to be used to facilitate" transactions in drugs forfeitable. The government also waived its right to appeal the earlier decision of the district court that vacated Wu's default of the initial forfeiture action.

Two months after the consent decree was ordered by the district court, this Court held in *United States v. Hong–Liang Lin,* 962 F.2d 251 (2d Cir.1992), that 21 U.S.C. § 857 did not criminalize the manufacture or sale of crack vials. On the basis of that decision, Wu moved to vacate his criminal conviction. The district court reversed Wu's conviction and dismissed the indictment.

In addition, Wu brought the instant Rule 60(b) motion to vacate the consent decree made pursuant to the settlement agreement, seeking the return of the one-half of his proceeds from his bank accounts that was retained by the government. The district court denied the motion, finding that the criminal conviction was not the basis for the settlement of the civil forfeiture claim. The district court held that a dismissal in a criminal proceeding does not preclude the civil forfeiture of assets.

Wu now appeals.

## DISCUSSION

On appeal, Wu contests the district court's refusal to vacate the settled, civil consent decree, notwithstanding a change in decisional law that ultimately vitiated his criminal conviction. Wu claims that the civil and criminal judgments were inextricably intertwined and that the civil forfeiture action was dependent upon a finding of criminal activity. Accordingly, Wu argues that because the criminal conviction was reversed, the consent decree made pursuant to the civil forfeiture settlement should be vacated. Wu's challenge is without merit.

We review the district court's decision to deny relief under Rule 60(b) for an abuse of discretion. *See Cruickshank & Co. v. Dutchess Shipping Co.,* 805 F.2d 465, 466

(2d Cir.1986). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
>
> ... (5) ... a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Relief under Rule 60(b), however, may be granted only in "extraordinary circumstances." *See Ackermann v. United States,* 340 U.S. 193, 199–202, 71 S.Ct. 209, 212–14, 95 L.Ed. 207 (1950); *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986); *see also In re Master Key Antitrust Litigation,* 76 F.R.D. 460, 463 (D.Conn.1977), *aff'd,* 580 F.2d 1045 (2d Cir.1978).

(A) *Rule 60(b)(1)*

■ Wu contends that because his criminal conviction was based on an erroneous interpretation of the law he is entitled to relief from the settlement agreement made pursuant to his civil forfeiture action. Wu argues that the erroneous interpretation of the statute constitutes "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1).

The basis of Wu's criminal conviction is irrelevant because the consent decree was made pursuant to the settlement of Wu's civil forfeiture action, not his criminal action. Wu voluntarily, with the advice of counsel, contracted to settle the civil forfeiture action rather than litigate the merits at trial and if necessary on appeal. In doing so, he avoided the potential risks and burdens of future litigation.

■ When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect. *See In re Master Key,* 76 F.R.D. at 464 (citing *Ackermann,* 340 U.S. at 198, 71 S.Ct. at 211); *see also Janneh v. GAF Corp.,* 887 F.2d 432, 436 (2d Cir.1989) (holding that a settlement agreement is a binding contract), *cert. denied,* 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990). In the instant case, Wu made a conscious and informed choice of litigation strategy and cannot in hindsight seek extraordinary relief. *See Ackermann,* 340 U.S. at 198, 71 S.Ct. at 211 (ruling that strategic decisions made during course of litigation, that upon reconsideration appear to be erroneous, do not provide basis for relief under Rule 60(b)). To hold otherwise would undermine the finality of judgments in the litigation process. *See id.*

■ Furthermore, a change in the law occurring after a settlement for a sum of money is not a basis for vacating the settlement pursuant to Rule 60(b). *See In re Master Key,* 76 F.R.D. at 463. In *In re Master Key,* an action was commenced pursuant to § 4 of the Clayton Act. *Id.* at 462. There, certain defendants, who were manufacturers of hardware, settled with the plaintiffs, who were remote purchasers of the defendants' products. *See id.* After the settlement, the Supreme Court held that remote purchasers have no cause of action against manufacturers pursuant to § 4 of the Clayton Act. *See id.* (citing *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977)). The settling defendants moved to vacate the settlement agreement pursuant to Rule 60(b), on the ground that they paid money to settle a cause of action that the Supreme Court subsequently found did not exist. *Id.* The district court denied the motion, finding that the defendants' decision to settle was a measured choice that balanced the risks and uncertainty inherent in settlement agreements. *Id.* at 465. We affirmed this decision without a published opinion. 580 F.2d 1045 (2d Cir.1978).

In the present case, we find that Wu weighed his options and freely made an election available to all litigants. At the time of the settlement, Wu knowingly entered into the agreement with his eyes wide open. No one entering into a settlement agreement, however, is a soothsayer. Neither party could have foreseen with any reasonable degree of certainty the turn of events. Having

taken his chances, Wu cannot be heard to cry foul, and accordingly must live with his choice.

### (B) *Rule 60(b)(5)*

Wu next claims that a change in decisional law occurring subsequent to the settlement agreement is a proper basis for relief from the settlement under Rule 60(b)(5). Wu contends that since the decision in *Hong–Liang Lin* was the basis of the reversal of his criminal conviction, it likewise should relieve him from his obligation under the civil forfeiture agreement. Rule 60(b)(5) permits, in relevant part, relief from a judgment where "a prior judgment upon which it is based has been reversed or otherwise vacated."

We note that a dismissal in a criminal proceeding does not preclude the civil forfeiture of assets. *See United States v. One Clipper Bow Ketch NISKU,* 548 F.2d 8, 10 n. 2 (1st Cir.1977); *United States v. 8848 South Commercial St.,* 757 F.Supp. 871, 875 n. 4 (N.D.Ill.1990) (noting that criminal conviction is not prerequisite to civil forfeiture). In the present case, the consent decree settles a cause of action for a civil forfeiture action and is not based on the prior criminal proceeding. It is not a judgment "based" on a prior judgment as required by Rule 60(b)(5). Rather, as discussed above, the consent decree is a settlement voluntarily entered into by the parties, with the advice and assistance of counsel.

In this regard, we find the Fourth Circuit's well-reasoned decision in *Schwartz v. United States,* which closely mirrors the facts of the instant case, persuasive. 976 F.2d 213 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1280, 122 L.Ed.2d 673 (1993). In *Schwartz,* a civil forfeiture action was settled at a time when criminal racketeering convictions had been entered for the same activity underlying the civil forfeiture action. *Id.* at 215. Post-settlement, a Supreme Court decision held that the underlying activity had never in fact been criminalized by the racketeering statute. *Id.* at 216. The defendants thereafter moved under Rule 60(b) to vacate the forfeiture settlement. *Id.* The Fourth Circuit affirmed the district court's denial of

Rule 60(b) relief. *Id.* The court held that the forfeiture action was not void because the government took the forfeited assets pursuant to a settlement agreement. *Id.* at 216–17. The court concluded that Rule 60(b) did not provide a basis for relief where the parties made a calculated settlement. *Id.* at 218–19.

As in *Schwartz,* the instant civil forfeiture action was settled before this Court held that the statute did not criminalize the activity underlying part of the forfeiture complaint. At the time of the settlement, based on the available information, Wu weighed the chances of success against the probable cost of litigation. The terms of the settlement were not dependent upon Wu's judgment of conviction. Wu made an unfettered and considered choice and cannot be relieved from it.

### (C) *Rule 60(b)(6)*

Wu contends that equity requires that the dismissal of a criminal action precludes the civil forfeiture of assets based on the same underlying conduct. Wu makes no additional claims but utilizes the same facts to argue that these circumstances justify the exercise of the Court's equitable powers pursuant to Rule 60(b)(6). Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment."

In the case at bar, the government and Wu made free, bilateral decisions to settle. Each bore the risks of litigation equally. A failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6). *See In re Master Key,* 76 F.R.D. at 463–65 (citing *Ackermann,* 340 U.S. at 199–202, 71 S.Ct. at 212–14).

### CONCLUSION

Based on the foregoing, we find that the consent decree is fully enforceable. We affirm the judgment of the district court denying the motion pursuant to Rule 60(b) to set aside the consent decree.