83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent TULUMIS, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; B. Brittsan, Defendants-Appellees.
 No. 94-17199.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided April 23, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 State prisoner Vincent Tulumis appeals the denial of his Fed.R.Civ.P. 60(b) motion to vacate a stipulated dismissal of his 42 U.S.C. § 1983 action against the State of California. We affirm.[1]
 
 
 4
 It is well-settled that Rule 60(b) will not provide relief from conscious, calculated, or deliberate strategy decisions. See Ackermann v. United States, 340 U.S. 193, 198 (1950) (Rule 60(b) does not provide relief from "free, calculated, and deliberate choices"); Plotkin v. Pacific Telephone & Telegraph Co., 688 F.2d 1291, 1293 (9th Cir.1982) (calculated and deliberate choices are not to be relieved under Rule 60(b)). The stipulation, which Tulumis's prior counsel prepared, stated:
 
 
 5
 The reason for this stipulation and dismissal is that the defendant, STATE OF CALIFORNIA, is not subject to suit in the federal courts pursuant to the 11th Amendment of the United States Constitution, and plaintiff is desirous of pursuing this action against both defendants, STATE OF CALIFORNIA and Correctional Officer B. BRITTSAN.
 
 
 6
 On its face, the stipulation evidences Tulumis's intent to litigate the case in a forum where both the individual defendant and the State were proper parties.
 
 
 7
 There is nothing in the record to cast doubt on the district court's finding that the stipulation was a strategy decision. Nor is there any evidence to suggest the stipulation was made without Tulumis's consent. Tulumis claims his former counsel did not have actual authority to enter into the stipulation. However, Tulumis provides no support for this assertion except the declaration of his new counsel, Mr. Bastian. In fact, the declaration supports the district court's finding that the stipulation was entered into with Tulumis's consent. The declaration states that the dismissal was "pursuant to the client's apparent wishes, but when we interviewed Mr. Tulumis, it became apparent that he was not adamant" about whether the case should be litigated in federal or state court and was open to Bastian's advice. Even if Tulumis was "not adamant" about the forum and was open to the strategic advice of new counsel, it does not necessarily follow that he originally opposed the stipulation. On the contrary, the declaration suggests Tulumis's wishes were met; he simply changed his mind about the appropriate strategy at the urging of his new counsel. Tulumis's change of heart is not adequate grounds for relief under Rule 60(b). See United States v. Bank of New York, 14 F.3d 756, 759 (2nd Cir.1994) ("When a party makes a deliberate strategic choice to settle, she cannot be relieved of such choice merely because her assessment of the consequences was incorrect."); United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 662 (1st Cir.1990) (Rule 60(b) cannot relieve a litigant from improvident strategic choices).
 
 
 8
 In denying Tulumis's claim for relief, the district court stated that "if there were any problems and that were [sic] not just ... a strategic choice made for litigation advantage, Mr. Tulumis would have said so, and he hasn't said so." Tulumis argues he did not have time to file a declaration to substantiate his objection to the stipulated dismissal because of an unforeseen medical emergency. The record, however, shows the lack of time was due to Bastian's failure to seek Tulumis's declaration until the day before the reply was due, the day on which Tulumis allegedly underwent surgery. Neither Bastian's misunderstanding of the State's assertion that the motion would be opposed, nor his delay in seeking Tulumis's declaration amount to equitable grounds justifying relief from the finality of the stipulated dismissal. See Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (citation and internal quotations omitted) (neither ignorance nor carelessness of litigant or attorney provide grounds for Rule 60(b) relief). There is "a compelling interest in the finality of judgments which should not lightly be disregarded." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983). Only "extraordinary circumstances" justify disturbing such finality. United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir.1982). Tulumis has not shown extraordinary circumstances to justify vacating the dismissal.
 
 
 9
 Tulumis claims several other "equitable considerations" suggest the district court abused its discretion by denying his Rule 60(b) motion. We find these arguments meritless.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The State objects to Tulumis's opening brief, claiming Tulumis has failed to provide adequate citations to the record below and did not file any excerpts of record until well after filing his opening brief in violation of Fed.R.App.P. 28(a)(4) and Ninth Circuit Rules 28-2.8 and 30-1. The State argues Tulumis's appeal should therefore be summarily dismissed under Mitchel v. General Electric Co., 689 F.2d 877 (9th Cir.1982) (court found it impossible to assess challenge to summary judgment without being able to identify factual allegations in the record and therefore dismissed the appeal due to Mitchel's refusal to comply with Fed.R.App.P. 28). The excerpts we have were file-stamped on the same day as Tulumis's opening brief. Although Tulumis's brief does not cite to the excerpts, it does contain nine specific references to the record below. Moreover, the State concedes "none of the unsupported allegations ... has anything whatsoever to do with whether or not the District Court abused its discretion in denying [Tulumis's] Rule 60(b) Motion for Relief." Thus, in contrast to Mitchel, any failure by Tulumis to cite to the record is not fatal to review of his claims. Tulumis's brief is not so defective as to warrant summary dismissal of the appeal