82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur N. AIKEN, Plaintiff-Appellant,
v.
Cheryl RAY, Defendant-Appellee.
 No. 94-35331.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1996.
Decided April 11, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges and RAFEEDIE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellee Cheryl Ray owns Earth Ray, a private enterprise which operates in the Washington State Penitentiary at Walla Walla under the auspices of a state program to train and employ inmates, defray the costs of incarceration, and compensate victims of crime. See Wash.Rev.Code § 72.09.100. Appellant Arthur Aiken is a prison inmate who worked for Ray on Earth Ray's first crew when the company began operations in the summer of 1990. When Ray declined to rehire Aiken after a period of layoffs, Aiken brought suit under 42 U.S.C. § 1983 alleging racial discrimination in violation of the Fourteenth Amendment. The district court granted summary judgment for Ray on the grounds that Ray's hiring decisions did not constitute action "under color of state law."
 
 
 4
 To prevail in his section 1983 claim, Aiken had the burden to demonstrate that Ray intentionally discriminated against him on account of his race. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977). Ray maintains that she decided not to rehire Aiken because of his slowness on the job and his poor attitude during his summer with Earth Ray in 1990. Furthermore, she contends that when Aiken returned to Earth Ray temporarily as part of an overtime crew on loan from "flat goods" in August 1992, his performance was again unacceptably slow, confirming her earlier evaluation of his performance. An Earth Ray supervisor, John Dobie, gave a corroborating account in his affidavit.
 
 
 5
 Aiken attempts to paint Ray's explanation as a pretext, and uncover her real, racist motivations. To raise an inference of racism in response to a defendant's offer of nondiscriminatory reasons, "the plaintiff must produce 'specific, substantial evidence of pretext.' " Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994) (citing Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983)) (Title VII). The evidence may be direct or indirect. Arlington Heights, 429 U.S. at 265. By way of direct evidence, Aiken attests that "in the past the Defendant has commented on the fact that the Plaintiff being a 'Blue Eyed negro, bothered her.' " Without a showing that Ray made this statement to Aiken himself, the statement is inadmissible hearsay. At oral argument, Aiken's lawyer argued that we should assume Aiken himself heard the statement because Aiken proceeded pro se. While it is true that we liberally construe pleadings in favor of pro se litigants in civil rights cases, see, e.g., Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir.1987), we know of no similar rule for evidence. Therefore this statement should be treated as hearsay. However, even if the statement were admissible, it is not clear that it would expose Ray as a racist any more than it would indicate her dislike of Aiken personally. Evidence which is "merely colorable" or not "significantly probative" will not defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986) (citations omitted).
 
 
 6
 As indirect evidence Aiken offers statistical data to show that Ray's hiring decisions reflected the pervasive influence of racism in her hiring decisions. Aiken's data, however, do not support this conclusion because they include Earth Ray's nightshift. This group is drawn from an overwhelmingly white group of inmates. Taking account of this distortion, Aiken's figures no longer contradict Ray's. Ray's statistics demonstrate that black and other minority inmates were adequately represented in her full-time crews, and that she generally hired black workers in a proportion representative of the population from which they applied. More to the point, the crew from which Aiken was excluded comprised a fair racial balance.
 
 
 7
 Aiken next attempts to characterize Ray as a racist by submitting an unattested, handwritten, "official misconduct complaint," purportedly filed by an inmate named Omarr Brown. The complaint charges that while Brown was in Ray's employ, Ray would "yell" and "show displeasure" at black inmates "regardless of [their] good work output." This document is inadmissible. Because an original copy appears in the clerk's record, it appears that, contrary to Aiken's claim, the complaint was never filed. Moreover, Ray has submitted an affidavit from Brown himself stating that he never filed a grievance against her.
 
 
 8
 Additionally, Aiken submits various items of evidence in an attempt to show that he worked with adequate speed at Earth Ray, and that Ray's proffered reason for declining to hire him was pretextual. Principally, Aiken offers the affidavits of former coworkers of his at Earth Ray who attest that Aiken worked with acceptable speed. Against these affidavits, Ray offers her own sworn statement and that of her staff supervisor, both of whom maintain that Aiken's work was substandard. Even if Aiken's evidence is accepted as true for the purposes of appellate review, however, it does not raise an inference of discriminatory intent. Aiken has not shown that he was more qualified than those on the crew Ray actually hired. Ray was entitled to hire the inmates whom she expected would do the best work. Aiken brings nothing before the court to show that his qualifications exceeded those of the inmates actually hired.
 
 
 9
 Finally, Aiken submits evidence showing that he is generally not, as Ray claims, uncooperative or unresponsive to constructive criticism. In Aiken's view, this evidence tends to show that Ray accused him of having a poor attitude at work only as a pretext to justify not hiring him. Aiken's evidence, however, at best shows that he has not been difficult to work with in other environments. It does not show Aiken labored cheerfully at Earth Ray.
 
 
 10
 Aiken's evidence raises no inference of discriminatory intent on the part of his former employer. Aiken has therefore failed to carry his evidentiary burden, and summary judgment was appropriately granted for Ray on the merits.[1] Having affirmed the judgment below on the merits, we find it unnecessary to reach the state action issue.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Hon. Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aiken argues that we are barred from reaching the merits of the judgment below because the district court did not do so, and because Ray did not cross-appeal the magistrate judge's failure to reach the merits. This argument is mistaken. A court of appeals may affirm a lower court's decision on any ground supported by the record, Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and therefore no cross-appeal is necessary to reach an issue which supports the judgment below. Engleson v. Burlington Northern Ry., 972 F.2d 1038, 1041 (9th Cir.1992)