972 F.2d 1038
 141 L.R.R.M. (BNA) 2100, 122 Lab.Cas. P 10,310,
23 Fed.R.Serv.3d 538
 Jerry L. ENGLESON, Steven A. Braaten; Kathryne E. Pike;
Joseph M. Corcoran; David C. Wilmes; Michael R. Cunneen,
Phillip E. Toldness; Jesse A. Wagner; Thomas W. Hulett;
Timothy C. O'Neal; Roger W. Loe; Michael A. Sherrill;
Brian D. Donaldson; Gary D. Halseth, Plaintiffs-Appellants,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware
Corporation, and Brotherhood of Railway Carmen, a
Labor Union, Defendants-Appellees.
 No. 91-35546.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided Aug. 6, 1992.
 
 Kurt M. Jackson, Hoyt and Blewett, Great Falls, Mont., for plaintiffs-appellants.
 John A. Edmond, Guerrieri, Edmond & James, Washington, D.C., Turner C. Graybill, Graybill, Ostrem, Warner & Crotty, Great Falls, Mont., for defendant-appellee Broth. of Ry. Carmen.
 Lawrence M. Stroik, Burlington Northern R.R., Ft. Worth, Tex., for defendant-appellee Burlington Northern R. Co.
 Appeal from the United States District Court for the District of Montana.
 Before: ALARCON, RYMER, and T.G. NELSON, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Jerry L. Engleson and thirteen other persons ("Appellants") are employees or former employees of Burlington Northern Railroad Company ("Burlington"). They appeal from the district court's grant of summary judgment in favor of the Brotherhood of Railway Carmen ("the Union") and Burlington in this action against the Union for breach of the duty of fair representation and against Burlington for violations of the collective bargaining agreement. The district court concluded that there was no genuine issue of material fact in dispute. We affirm, but on a different ground. See Schneider v. Vennard (In re Apple Securities Litigation), 886 F.2d 1109, 1112 (9th Cir.1989), cert. denied, 496 U.S. 943, 110 S.Ct. 3229, 110 L.Ed.2d 676 (1990) (this court may affirm a grant of summary judgment on any ground fairly supported by the record). This action was filed after the statute of limitations had expired.
 
 I.
 
 2
 Appellants are members of the Brotherhood of Railway Carmen of the United States, a railroad labor union. On March 26, 1983, the Union filed a grievance with Burlington alleging that the company's use of clerks to dismantle freight cars in Great Falls violated the "scope rules" provision of the collective bargaining agreement which preserved certain types of work exclusively for carmen. Appellants were not named in the grievance.
 
 
 3
 In 1984, Burlington and the Union agreed to "tie" the Great Falls claim to a similar claim arising in Minot, North Dakota, which would be sent to arbitration, with the result being dispositive of the issue regarding Burlington's liability, if any, for the Great Falls claim. The Union prevailed in the Minot arbitration. On April 27, 1987, Burlington and the Union settled the Great Falls claim. Burlington agreed to pay a lump sum to the carmen named in the grievance.
 
 
 4
 This action was filed following the Union's refusal of Appellants' request to share in the award. Appellants claim that the Union breached its duty of fair representation by not including them in the grievance. Burlington was sued in the same action for violation of its collective bargaining agreement.
 
 
 5
 Appellants filed the original complaint in the district court on September 3, 1987. The complaint incorrectly alleged that the district court had jurisdiction under section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, and section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). In fact, it is undisputed that their claims were covered by the Railway Labor Act, 45 U.S.C. §§ 151 et seq. Burlington filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Burlington argued that the district court lacked subject matter jurisdiction under the statutes cited in the complaint.
 
 
 6
 On January 19, 1988, the district court granted Burlington's motion and dismissed the action against Burlington for lack of subject matter jurisdiction. The court dismissed the action against the Union sua sponte.
 
 
 7
 On February 10, 1988, more than six months after the causes of actions accrued, Appellants filed a new action alleging the same claims and a count of conspiracy against Burlington. The Appellants properly alleged that the district court had subject matter jurisdiction under 28 U.S.C. § 1337. The Union and Burlington subsequently filed motions to dismiss or in the alternative for summary judgment. They contended that the carmen's new action was barred by the applicable six-month statute of limitations of section 10(b) of the NLRA, 29 U.S.C. § 160(b).[1]
 
 
 8
 Appellants filed oppositions to the motions to dismiss. They argued that they "should not be denied their day in court based upon a technical error of pleading in their original complaint." They also contended that their mistake in pleading jurisdiction should not have resulted in dismissal of their first complaint, citing Raus v. Brotherhood of Railway Carmen, 663 F.2d 791 (8th Cir.1981) (holding that district court erred in dismissing complaint against a union for breach of its duty of fair representation where plaintiffs mistakenly pled 29 U.S.C. § 185 as the basis for jurisdiction, because basis for federal court jurisdiction was clear on complaint's face). The crux of the Appellants' argument in opposition to the motions to dismiss, however, was that Montana's "saving statute," section 27-2-407, tolled the applicable limitations' period. In their response to the Appellants' opposition, the Union and Burlington argued that the state-savings statute was not applicable to this action.
 
 
 9
 The district court denied the motions to dismiss without a hearing. Recognizing that the Appellants' second action was barred by the applicable statute of limitations, the court held that it would treat the complaint filed in the new action as a motion under 60(b)(1) of the Federal Rules of Civil Procedure for relief from the judgment of dismissal of the first action and for leave to file an amended complaint. The court declined to address the question whether the application of Montana's savings statute tolled the applicable limitations period in this case. The court stated that it was "unwilling to deny plaintiffs their day in court based upon a technical error in pleading their original complaint" and held that the claims raised in the second complaint were not time-barred because they related back to the date of the initial complaint pursuant to Federal Rule of Civil Procedure 15(c). Federal Rule of Civil Procedure 15(c) provides, in part, that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The court set aside its judgment dismissing the first action and consolidated it with the second action.
 
 
 10
 The Union and Burlington filed motions requesting the court to reconsider its order denying their motions for dismissal on statute-of-limitations grounds. They argued that the court lacked jurisdiction to treat the second complaint as a Rule 60(b) motion. They also asserted that the Appellants' mistake in pleading the incorrect jurisdictional statutes did not justify Rule 60(b) relief. Alternatively, the Union and Burlington requested that the court certify the question whether the district court had abused its discretion for interlocutory appeal to this court pursuant to 28 U.S.C. § 1292(b). The motions were denied.
 
 
 11
 Burlington and the Union thereafter filed motions for summary judgment stating that there was no genuine issue of material fact that would support a judgment for the Appellants. The court granted the motions by a summary judgment on the merits. The Appellants filed a motion for a new trial or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. The district court made a minor amendment to its previous order but denied the Rule 59 motion in all other respects. The Appellants now timely appeal.
 
 II.
 
 12
 The Union argues that the district court abused its discretion in treating the complaint filed in the Appellants' second action as a motion under Rule 60(b)(1). The Appellants contend that this court has no jurisdiction to hear the Union's statute-of-limitations contention because it failed to file a cross-appeal from the district court's denial of its motions for reconsideration of the order treating the complaint as a Rule 60(b) motion and for interlocutory review.
 
 
 13
 Generally, "a cross-appeal is required to support modification of the judgment, but ... arguments that support the judgment as entered can be made without a cross-appeal." C. Wright, A. Miller, and E. Cooper, 15A Federal Practice and Procedure § 3904, 195-96 (1992). A cross-appeal is unnecessary even where the argument being raised has been explicitly rejected by the district court. United States v. Hilger, 867 F.2d 566, 567 (9th Cir.1989) (although in granting defendant's motion for dismissal district court specifically rejected defendant's argument of improper venue, upon plaintiff's appeal, defendant could support dismissal on the venue ground without cross-appeal as he was not seeking any relief greater than dismissal); Bullard v. Sercon Corp., 846 F.2d 463, 467 (7th Cir.1988) (appellees may properly advance jurisdictional argument as an additional ground to support judgment in their responsive brief, even though argument was not raised below).
 
 
 14
 Appellants rely upon Radio WHKW, Inc. v. Yarber, 838 F.2d 1439 (5th Cir.1988), and Alaska Industrial Bd. v. Chugach Electric Ass'n, Inc., 356 U.S. 320, 78 S.Ct. 735, 2 L.Ed.2d 795 (1958), in support of their argument that a cross-appeal was necessary in this case. Radio WHKW, however, is inapposite. That case deals with the application of Mississippi's jurisdictional door-closing statute. 838 F.2d at 1441.
 
 
 15
 In Alaska Industrial Board, the respondents argued that the Supreme Court should affirm the circuit court's decision upholding the reversal of an administrative agency's decision because the appellant had not timely presented his claim to the administrative agency and that the agency had had no jurisdiction. 356 U.S. at 324-25, 78 S.Ct. at 737-38. The Supreme Court refused to consider these arguments because "[t]hese questions were decided adversely to respondents by the Court of Appeals and no cross-petition was filed here," citing LeTulle v. Scofield, 308 U.S. 415, 421-22, 60 S.Ct. 313, 316, 84 L.Ed. 355 (1940). Id. at 325, 78 S.Ct. at 738. In LeTulle, the Supreme Court held that "[a] respondent or an appellee may urge any matter appearing in the record in support of a judgment, but he may not attack it even on grounds asserted in the court below, in an effort to have this Court reverse it, when he himself has not sought review of the whole judgment, or of that portion which is adverse to him." 308 U.S. at 421-22, 60 S.Ct. at 316.
 
 
 16
 Despite its broad language, Alaska Industrial Board does not require Appellees to file a cross-appeal if they rely upon arguments rejected by the courts below to uphold the judgment. In Alaska Industrial Board, the arguments raised by the respondents did not support the judgment as entered. Accepting the Appellees' contentions would have required that a portion of the court of appeal's decision be vacated. 356 U.S. at 323, 78 S.Ct. at 737. The court of appeals had substantially affirmed the district court's order reversing the Alaska Industrial Board's award of continuing temporary disability benefits to an employee who had also received a lump-sum award for total permanent disability. Id. The circuit court, however, held that the lump-sum award for permanent disability should not have been reduced by the amounts received as temporary disability prior to the lump-sum award. Id. Thus, the timeliness and jurisdictional arguments the respondents raised in Alaska Industrial Board would not have supported that portion of the circuit court's judgment holding that the employer should have paid the employee the full lump-sum award without any reduction for amounts received as temporary disability before that time. Id. Where, as in Alaska Industrial Board, an appellee seeks to modify a judgment, he or she must file a cross appeal. See Hilger, 867 F.2d at 567 (holding that appellee need not cross-appeal as he was "not trying to obtain more relief from the court of appeals than he received from the district court").
 
 
 17
 The Sixth Circuit distinguished Alaska Industrial Board as presenting an exception to the general rule that " '[a] defendant may raise an alternative theory without cross-appealing' " in Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir.1988) (citation omitted). The Sixth Circuit explained that Alaska Industrial Board "dealt with the manner in which the Supreme Court exercises its discretionary jurisdiction to decide issues brought before it by certiorari. We have no comparable jurisdiction." Id. (emphasis in the original). The Sixth Circuit thus permitted the appellee to raise a statute-of-limitations argument to support a summary judgment on the merits even though the appellee had not cross-appealed the district court's denial of the appellee's motion to dismiss on timeliness grounds. Id.
 
 
 18
 In the instant case, the Union does not seek to modify the summary judgment ordered by the district court. The Union merely presents another ground for affirming the district court's decision as entered. Hilger, 867 F.2d at 567. Under these circumstances, we may consider the Union's contention that the statute of limitations bars this action notwithstanding the fact that the Union did not appeal the denial of its motion to dismiss on timeliness grounds.
 
 III.
 
 19
 The Union further argues that the district court abused its discretion in sua sponte converting the Appellants' second complaint into a Rule 60(b)(1) motion. No court of appeal has determined the appropriate standard for reviewing a district court's decision to recharacterize a pleading as a Rule 60(b)(1) motion. We now hold that such a decision should be reviewed for an abuse of discretion. Cf. Hendrick v. Avent, 891 F.2d 583, 588-89 (5th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990) (holding that the district court "properly" refused to treat a second amended complaint as a Rule 60(b) motion). A district court abuses its discretion if it does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion. Hunt v. National Broadcasting Co., Inc., 872 F.2d 289, 292 (9th Cir.1989).
 
 
 20
 Federal Rule of Civil Procedure 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." (emphasis added). The Union correctly observes that the complaint filed in the Appellants' second action did not qualify as an "independent action" to obtain relief from the judgment. See Bankers Mortgage Co. v. United States, 423 F.2d 73, 78-79 (5th Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (independent action for relief must allege fraud, accident, mistake or other equitable ground for relief). The Appellants did not allege any facts showing that there were equitable grounds for vacating the district court's judgment. The second complaint merely alleged breach of contract, breach of the duty of fair representation, and conspiracy claims.
 
 
 21
 Hendrick v. Avent strongly supports the conclusion that the district court abused its discretion in treating the second complaint as a Rule 60(b) motion. In Hendrick, the Fifth Circuit upheld the district court's refusal to treat a second amended complaint as a motion under Rule 60(b). 891 F.2d at 588. The court held that an "amended complaint is not a proper vehicle to bring a Rule 60(b) motion." Id. at 588 n. 11. The Fifth Circuit concluded that "making appellant's claim fit under the label of a Rule 60(b) motion would take a recharacterization of the pleadings plus a relation back in time to the original complaint to [comply with the statute of limitations]. The district court properly refused to perform such feats." Id. at 588-89. The Fifth Circuit also observed that the appellant failed to mention Rule 60(b) or any of its requirements in his original or three amended complaints, in the pretrial order, or in any amendment to the pretrial order. Id. at 588.
 
 
 22
 In the case at bar, the Appellants argue that their error in pleading the incorrect jurisdictional statute was a "technical error" justifying Rule 60(b) relief. To qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate "mistake, inadvertence, surprise, or excusable neglect." See Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1463 & n. 35 (9th Cir.1992) (treating an untimely motion for reconsideration as a Rule 60(b) motion, but denying Rule 60(b) relief because appellee failed to allege any mistake, inadvertence, surprise, or excusable neglect in its motion for reconsideration). See also Ben Sager Chem. Int'l. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir.1977) (holding that Rule 60(b) movant must demonstrate that he or she " 'has a meritorious defense and that arguably one of the four conditions for relief applies--mistake, inadvertence, surprise or excusable neglect.' ") (citation omitted) (emphasis in the original).
 
 
 23
 " 'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).' " Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir.1986) (citation omitted). See Smith v. Stone, 308 F.2d 15, 18 (9th Cir.1962) (attorney's failure to follow ordinary court procedure and rules was not excusable inadvertence or neglect under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972) (petitioner's failure to appeal the dismissal of the action was due to his lack of diligence and was not "excusable neglect" under Rule 60(b)(1)); Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990) (if failure to submit evidentiary materials is solely due to attorney's carelessness, then it would be an abuse of discretion for the court to grant Rule 60(b) relief); United States v. Erdoss, 440 F.2d 1221, 1223 (2d Cir.), cert. denied, Horvath v. United States, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971) (failure to oppose entry of judgment was due to defense counsel's ignorance of the effect of the statute and was not "excusable neglect"); Lomas and Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir.1989) (district court would abuse its discretion in granting Rule 60(b) relief on the basis of an attorney's negligent mistake).
 
 
 24
 The question whether an attorney's mistake will excuse a failure to file within the statute of limitations was reviewed by the Second Circuit in Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir.), cert. denied, 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958). The court held that the attorney's alleged tardy discovery of the Texas statute of limitations "is not ... the kind of 'mistake, inadvertence, surprise, or excusable neglect' contemplated by Rule 60(b)." Id. at 300-01. Similarly, in the instant matter, counsel's ignorance of the statute that governs labor law disputes between a railway worker and his or her employer does not constitute excusable neglect. The district court made no specific factual findings as to any circumstances which might satisfy any of the requisite elements necessary to justify equitable relief from a prior judgment. The Appellants have failed to demonstrate that they are entitled to relief under Rule 60(b).
 
 
 25
 The Appellants' reliance on Raus v. Brotherhood of Ry. Carmen, 663 F.2d 791 (8th Cir.1981) is misplaced. In Raus, the plaintiffs appealed from the district court's dismissal of their complaint for lack of subject-matter jurisdiction. Id. at 793. The Eighth Circuit held that the district court erred in dismissing the complaint where the plaintiffs mistakenly pled 29 U.S.C. § 185 as the basis for jurisdiction. Id. at 796. "The general rule is that where a basis for federal court jurisdiction appears clearly from an examination of the face of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis." Id.
 
 
 26
 Unlike the situation in Raus, this matter does not involve a challenge to the dismissal of a complaint. The issue in this case is whether an attorney's mistake in pleading the incorrect jurisdictional statute justifies the relief provided by Rule 60(b). See Ben Sager Chem. Int'l, 560 F.2d at 809 (" 'Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.' ") (citation omitted). If anything, Raus demonstrates that the course of action the Appellants should have taken was to appeal the dismissal of their first action rather than to file a new action. The Appellants, however, failed to appeal the dismissal of the first action. They did not move to amend the first complaint, or seek reconsideration of the dismissal of the action. Under these circumstances, we conclude that the district court abused its discretion in treating the second complaint as a proper Rule 60(b) motion.
 
 IV.
 
 27
 We may affirm on any ground supported by the record. Schneider v. Vennard (In re Apple Securities Litigation), 886 F.2d at 1112. We affirm the district court's order granting summary judgment on the ground that the second action was barred by the applicable statute of limitations period.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 The NLRA's six-month statute of limitations governs hybrid actions arising under the Railway Labor Act, 45 U.S.C. §§ 151-188, which allege that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation. Kelly v. Burlington Northern Railroad Co., 896 F.2d 1194, 1195 (9th Cir.1990)