**Michael E. SATZ, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATIONS OF AMERICA, INC.; et al., Defendants–Appellees.**

No. 01–15037.

D.C. No. CV–96–00107–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Satz's motion for oral argument is denied.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM**

Federal prisoner Michael Satz appeals pro se the district court's partial summary judgment for defendants, and the district court's denial of Satz's untimely jury demand, motions for leave to amend, and request for a separate hearing on damages and costs in Satz's *Bivens* action against a private prison company and its employees. The district court awarded Satz $600.00 following a bench trial on the only claim to survive summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.

■ We review a district court's denial of a motion to amend for an abuse of discretion. *Orsay v. United States Dept. of Justice,* 289 F.3d 1125, 1128 (9th Cir. 2002). The district court did not abuse its discretion by denying Satz's first motion to amend for failure to attach a proposed amended complaint as required by local rule, *see Waters v. Weyerhaeuser Mortgage Co.,* 582 F.2d 503, 507 (9th Cir.1978), and by rejecting subsequent amended complaints due to their inordinate length and failure to allege a cause of action against new defendants, *see McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir.1996).

■ The district court abused its discretion, however, in refusing to allow Satz to amend his complaint to include a new claim that prison employees retaliated against him by transferring him, segregating him, and confiscating his legal materials. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[T]he court must remain guided by 'the underlying purpose of [amendment] . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.' "). We remand for further proceedings on Satz's claim of retaliation.

■ After de novo review, *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001), we conclude summary judgment was proper on Satz's remaining claims. The prison's contract for phone services afforded Satz telephone access subject to reasonable security limitations. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996). Satz failed to present adequate admissible evidence to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *See Gilmore v. People of the State of California,* 220 F.3d 987, 1009 n. 26 (9th Cir.2000) (quotations and citations omitted). Satz did not present evidence that overcrowding was the product of a sufficiently culpable state of mind on the part of prison personnel. *See Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000). Satz failed to raise a genuine issue of material fact as to whether receiving the wrong contact lens prescription constituted deliberate indifference to serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ The district court did not abuse its discretion in denying Satz's untimely jury demand. *See* Fed.R.Civ.P. 38(b), 39(b); *see also Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.,* 239 F.3d 1000, 1002 (9th Cir.2001).

■ Finally, the district court did not abuse its discretion in declining to hold a separate hearing on damages and costs related to Satz's First Amendment claim, after conducting a two-day bench trial at which Satz presented evidence of his injuries. *See McLachlan v. Bell,* 261 F.3d 908, 910 (9th Cir.2001). The district court's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

award of $600.00 in damages was not clearly erroneous, *see Ambassador Hotel Co., Ltd. v. Wei–Chuan Investment,* 189 F.3d 1017, 1024 (9th Cir.1999), and its denial of costs was appropriate given Satz's failure to submit a sworn table of segregable costs, *see Assoc. of Mexican– American Educators v. California,* 231 F.3d 572, 591 (9th Cir.2000).

We do not consider Appellees' challenge to the damages award, because they filed no cross-appeal. *See Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1041–42 (9th Cir.1992).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.