Gregorio B. ARABE, Plaintiff–Appellant,

v.

Thomas WHITE, U.S. Secretary of the Army, Defendant–Appellee.

No. 03–56356.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.[*]

Decided Sept. 20, 2004.

Gregorio B. Arabe, Los Angeles, CA, pro se.

Jan L. Luymes, Esq., USLA—Office of The U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM [**]

Gregorio B. Arabe appeals pro se the district court's order denying his second motion to reconsider following the district court's order dismissing his action alleging *inter alia* improper denial of military benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Pasatiempo by Pasatiempo v. Aizawa,* 103 F.3d 796, 801 (9th Cir.1996), and we affirm.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the district court's underlying order dismissing Arabe's action. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462–63 (9th Cir.1992) (holding that a timely appeal from an untimely tolling motion brings up for review only the post-judgment motion, not the underlying judgment).

The district court did not abuse its discretion by denying Arabe's second post-judgment motion because, assuming Arabe's claim is justiciable, he conceded that he did not initiate exhaustion with the Army Board for Correction of Military Records until after his district court action was dismissed. *See Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir.2002). The district court also properly concluded that Arabe's fraud claim against the Army was barred by the statute of limitations. *See* 28 U.S.C. § 2401(a); *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1992) (holding that ignorance of statute of limitations is not grounds for 60(b) relief).

The district court did not abuse its discretion by denying mandamus relief because the Secretary of the Army was not under a clear and certain duty to enlist Arabe and the decision concerning enlistment was discretionary. *See* 28 U.S.C. § 1361; *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir.2003).

We decline to consider Arabe's contention that the defendant racially discriminated against him because it is raised for the first time on appeal. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1066 (9th Cir.2002).

Arabe's remaining contentions lack merit.

AFFIRMED.