**Vincent COX, Plaintiff—Appellant,**

**v.**

**COUNTY OF ORANGE, through its HOUSING AND COMMUNITY DEVELOPMENT DEPARTMENT; et al., Defendants—Appellees.**

**No. 04–55021.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Peter C. Chow, Esq., Chow & Hamilton, Buena Park, CA, for Plaintiff–Appellant.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

S. Frank Harrell, Esq., Lynberg and Watkins A Professional Corporation, Orange, CA, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Vincent Cox appeals the district court's order dismissing his civil rights action for lack of prosecution and denying his motion for relief from judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Al–Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

■ The district court did not abuse its discretion in dismissing Cox's action for lack of prosecution because Cox, through his attorney Chow, refused to comply with several court orders to schedule a settlement conference. *See Thompson v. Housing Auth. of Los Angeles,* 782 F.2d 829, 831 (9th Cir.1986) (stating "[w]e have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.")

■ Likewise, the district court did not abuse its discretion in denying Cox's motion to set aside the judgment. Despite Chow's assertion that he failed to schedule the conference because he and Cox discussed terminating representation in early 2002, Chow continued to represent Cox through final disposition of the action al-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

most two years later. "Neither ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N.R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992) (internal quotation omitted).

**AFFIRMED.**