Gil CAPIANCO, Plaintiff–Appellant,

v.

LONG–TERM DISABILITY PLAN OF SPONSOR UROMED CORP., a corporation, Defendant,

and

Hartford Life and Accident Insurance Company, a business entity, form unknown, dba Administrator of the Long–Term Disability Plan, Defendant–Appellee.

No. 05–56757.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Aug. 22, 2007.

Howard Bennett Hellen, Law Offices of Howard Bennett Hellen, Vista, CA, for Plaintiff–Appellant.

Dennis G. Rolstad, Esq., Sedgwick, Detert, Moran & Arnold LLP, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Gil Capianco appeals the district court's grant of summary judgment to Hartford Life and Accident Insurance Company on Capianco's suit under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), for disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We reverse on two of Capianco's theories of recovery, affirm the district court's judgment as to the rest of his theories, and remand for further proceedings.

■ As an initial matter, we hold that the district court was correct in reviewing Hartford's decision under a de novo standard of review.[1] *Jebian v. Hewlett–Packard Co. Employee Benefits Organization Income Protection Plan,* 349 F.3d 1098 (9th Cir.2003), governs this case because page 18 of Uromed's Plan provides that Hartford will make a decision "in no case more than 120 days after the request for review is received." It is undisputed that Hartford never rendered a final decision on Capianco's appeal. Because Hartford violated a "limitation on the exercise of discretion ... which ... is expressly contained in the plan itself," *Jebian,* 349 F.3d at 1106 n. 6 (emphasis omitted), there was no exercise of discretion to which a court

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Hartford raises the standard of review "merely [as] another ground for affirming the district court's decision as entered," rather than as an attempt "to modify the summary judgment ordered by the district court," it is cognizable despite Hartford's failure to file a separate cross-appeal. *Engleson v. Burlington N. R.R. Co.,* 972 F.2d 1038, 1042 (9th Cir.1992).

could defer and de novo review is appropriate. *See id.* at 1103–06.

▮ Summary judgment was also correctly granted against Capianco on his estoppel argument. While making all reasonable inferences in his favor may enable him to make out most of the requirements for equitable estoppel in the ERISA context, *see Pisciotta v. Teledyne Indus., Inc.,* 91 F.3d 1326, 1331 (9th Cir.1996) (listing elements), Capianco's claim fails for a lack of "extraordinary circumstances." He has shown at most one instance of Hartford misrepresenting its coverage, rather than a series of continuing false assurances, and he has never alleged that his choice of employer was affected by his disability coverage. *Cf. Spink v. Lockheed Corp.,* 125 F.3d 1257, 1262–63 (9th Cir.1997) (finding estoppel available where employee was lured from a competitor in part through inaccurate promises about retirement plan eligibility, and for three years was issued statements reflecting benefits accrual despite ineligibility).

We reverse the grant of summary judgment on two theories, however. Summary judgment against Capianco should not have been granted on the question of whether he was entitled to benefits under the continuity of coverage exception. Capianco's first argument, that "Employer" means any previous employer whatsoever, is unsupportable given the Plan's definitions. *Cf. Babikian v. Paul Revere Life Ins. Co.,* 63 F.3d 837, 842 (9th Cir.1995). His second contention, that "Employer" could be read to include other companies for which Uromed has become a successor, may be viable though. The definition of "Employer" could be read as containing at least a "latent" ambiguity, *see Bolton v. Constr. Laborers' Pension Trust for S. Cal.,* 56 F.3d 1055, 1059 n. 2 (9th Cir.1995), with regard to merged and acquired entities. Plan terms are "to be interpreted 'in an ordinary and popular sense as would a

[person] of average intelligence and experience.' " *Simkins v. NevadaCare, Inc.,* 229 F.3d 729, 734–35 (9th Cir.2000) (alteration in original) (quoting *Evans v. Safeco Life Ins. Co.,* 916 F.2d 1437, 1441 (9th Cir.1990)). Here, it might be reasonable for employees to infer that, where they have not changed employers, but rather their employer has changed on them, the successor company would treat them as if their previous employment had always been with the resulting entity. This interpretation is further bolstered by our caselaw's requirement that ambiguous terms in insurance contracts be construed in the insured's favor. *See Kunin v. Benefit Trust Life Ins. Co.,* 910 F.2d 534, 538–41 (9th Cir.1990).

▮ Under this interpretation, Capianco has adduced sufficient evidence to create a genuine issue of fact as to whether he qualifies for the continuity of coverage exception. Capianco's declaration and exhibits, his answers to Hartford's interrogatories, and the work histories from the administrative record allow for an inference that he was working for one of Uromed's predecessor entities during the relevant period, such that he could have become insured under the current Plan as of the Plan Effective Date. Although the record currently contains little evidence that Capianco was entitled to benefits under the Prior Plan, we are not prepared to hold, at this stage of development, that eligibility under the Prior Plan could not be inferred by a reasonable fact-finder.

Besides this interpretation of "Employer," only one other theory put forward by Capianco should have survived summary judgment: waiver. Both parties have assumed (as did the district court) that the doctrine of waiver is applicable in the ERISA context, so we too assume—without deciding—that Capianco's waiver argument is legally cognizable. The district

court rejected this waiver claim on the basis that the Scibilia email was not sent by an agent of Hartford. While *she* was not an agent, it is reasonable to infer from the email that *someone at Hartford* had waived the condition for Capianco's "transfer" group and had so informed Scibilia. Drawing all reasonable inferences in Capianco's favor, we conclude that summary judgment on this theory was inappropriate.

While we hold that the district court should not have entered summary judgment for Hartford on two of Capianco's theories, we reach this conclusion only because he has raised genuine issues of material fact on them; as such, we reject his request that summary judgment be entered in his favor. We also decline Hartford's invitation to affirm the district court on the ground that Capianco failed to qualify as "Disabled" under the Plan. Even though we could reach that ground, "[w]hether, as a prudential matter, we should do so depends on the adequacy of the record and whether the issues are purely legal, putting us in essentially as advantageous a posture to decide the case as would be the district court." *Golden Nugget, Inc. v. Am. Stock Exch., Inc.,* 828 F.2d 586, 590 (9th Cir.1987). Here, Hartford did not base its initial rejection of Capianco's claim on his failure to be "Disabled," resulting in a record that was compiled with other questions in mind. The briefing on appeal reflects a similar focus. Under these circumstances, we elect not to reach Hartford's proffered alternative basis.

As Capianco's claim is to be reviewed de novo, there is no need at this juncture to return it to Hartford to develop facts or for an exercise of discretion; therefore we simply remand this case back to the district court. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 942, 944 (9th Cir.1995); *cf.*

*Canseco v. Constr. Laborers Pension Trust for S. Cal.,* 93 F.3d 600, 609 (9th Cir.1996); *Nelson v. EG & G Energy Measurements Group, Inc.,* 37 F.3d 1384, 1388–91 (9th Cir.1994).

Although we refuse Capianco's request to issue specific discovery orders, we note that on remand, Capianco's two remaining theories may justify further discovery. *See Mongeluzo,* 46 F.3d at 943–44, 944 (holding that district courts have discretion to admit "additional evidence ... necessary to conduct an adequate de novo review").

Finally, because we remand, "neither party has yet 'prevailed' in this action," and thus Capianco's "request for [attorney's] fees must await a final determination on the merits." *McClure v. Life Ins. Co. of N. Am.,* 84 F.3d 1129, 1136 (9th Cir.1996).

Each side shall bear its own costs on this appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

SILVERMAN, Circuit Judge, concurring:

I would hold that Capianco also came forward with enough evidence to avoid summary judgment on his estoppel claim. Capianco alleges that a Hartford representative caused to be passed along to him, via his employer's H.R. department, the assurance that his pre-existing condition would be covered. This was not idle chitchat or lunchroom gossip, but a formal written response to a specific inquiry made by an individual with a serious disease. In my opinion, these circumstances, if proven to be true, are sufficiently extraordinary to invoke equitable estoppel.