**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS PUENTE,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; et al.,<br><br>    Defendants - Appellees. | No. 08-56258<br><br>D.C. No. 2:07-cv-05809-PSG-FMO<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 8, 2009 [**]
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON, [***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Plaintiff Francis Puente appeals from both the district court's order dismissing his action against the County of Los Angeles, the County of Los Angeles Sheriff, Lee Baca, and John H. Clark, and its denial of his post-judgment motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(3) and 6(b)(1), as well as Central District of California Local Rule 7-18. We have jurisdiction to review only the denial of Plaintiff's post-judgment motion, pursuant to 28 U.S.C. § 1291, and we affirm.[1]

First, the district court did not abuse its discretion by declining to vacate its dismissal order based on Plaintiff's claim that Defendants' motion to dismiss was untimely. A motion to dismiss for failure to exhaust administrative remedies must be made as an unenumerated Fed. R. Civ. P. 12(b) motion, and need not be filed before a responsive pleading. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); Fed. R. Civ. P. 12(b) ("A motion asserting *any of these defenses* [e.g., the

---

[1]The district court granted Defendants' motion on April 23, 2008, but Plaintiff did not file his Rule 60 motion until May 28, 2008. Plaintiff filed only one notice of appeal, on July 31, 2008. Because Plaintiff filed his Rule 60 motion more than 10 days after the district court granted Defendants' motion to dismiss, Plaintiff's motion did not toll the time in which to appeal the granting of the motion to dismiss, which expired on May 23, 2008. See Fed. R. App. P. 4(a)(1)(A), (4)(vi); Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462-63 (9th Cir. 1992). Accordingly, we do not have jurisdiction to consider any challenges to the district court's April 23, 2008 decision to grant Defendants' motion to dismiss.

defenses listed at 12(b)(1)-(7)] must be made before pleading if a responsive pleading is allowed."). Defendants asserted their exhaustion defense in their answer to the complaint, and moved to dismiss pursuant to Fed. R. Civ. P. 12(b). Consequently, Plaintiff's claim provided no basis for relief under either Rule 60 or Local Rule 7-18, as Defendants' motion was not untimely.

Second, the district court properly denied Plaintiff's Rule 60(b)(1) motion based on excusable neglect. Even if email problems prevented Plaintiff's counsel from receiving notice of Defendants' motion to dismiss until April 9, 2008—roughly two weeks before the court ruled on that motion—counsel "decided to wait and see what the District Court's ruling would be" and filed nothing. The district court properly concluded that counsel's gamble did not amount to excusable neglect under Rule 60(b)(1). *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992).

Third, the district court properly denied Plaintiff's Rule 60(b)(3) motion based on the opposing party's misconduct. The district court's finding that counsel for both sides had met and discussed the Defendants' assertion of an exhaustion defense—thereby satisfying the local rule's meet-and-confer requirement—was not clearly erroneous. Moreover, Plaintiff was fully aware of any alleged misconduct once he received notice of Defendants' motion to dismiss. *See Casey v.*

*Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Accordingly, the district court did not abuse its discretion by denying Plaintiff relief pursuant to Rule 60(b)(3).

Fourth, the district court properly denied Plaintiff relief pursuant to Local Rule 7-18 based on his post-judgment submission of evidence showing that he had exhausted administrative remedies. The fact that counsel possessed this evidence, not only before the district court granted the motion to dismiss, but throughout the pendency of the case, precluded the availability of relief under the local rule. See C.D. Cal. R. 7-18.

Finally, the district court did not abuse its discretion in denying Plaintiff leave to amend his complaint. Leave to amend should only be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should not be granted where the record demonstrates "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, (9th Cir. 2007). Plaintiff waited a month after the district court dismissed his case before seeking leave to amend, even though he knew of Defendants' motion weeks before the dismissal. Accordingly, the district court properly concluded that justice did not require permitting amendment of the complaint.

**AFFIRMED**.