**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>SECURITAS SECURITY SERVICES USA, INC.; PINKERTON GOVERNMENT SERVICES, INC., AKA PGS, Inc.; PARAGON SYSTEMS, INC., AKA Parasys, Inc.; UNITED STATES OF AMERICA, Erroneously Sued As Joaquin Egan,<br><br>               Defendants - Appellees. | No. 12-56661<br><br>D.C. No. 2:12-cv-01885-GHK-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted August 27, 2014
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Appellant Michael Williams (Williams) sought relief pursuant to Fed. R. Civ. P. 60(b)(1) from the district court's dismissal of his complaint for failure to file an opposition to Appellees' motion to dismiss. Williams contends that the district court abused its discretion in denying his Rule 60(b) motion because he demonstrated excusable neglect in failing to file an opposition to the motion to dismiss.

The district court did not abuse its discretion in denying Williams' Rule 60(b) motion because Williams failed to demonstrate the requisite excusable neglect. *See Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc) (holding that "[w]e must . . . affirm unless we are left with the definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant [excusable neglect] factors") (citation omitted). The record supports the district court's finding that Williams failed to offer any evidence of excusable neglect on behalf of his counsel of record at the time the motion to dismiss was filed. *See Engleson v. Burlington N. R. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (articulating that "[t]o qualify for

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

equitable relief under Rule 60(b)(1), the movant *must demonstrate* . . . excusable neglect") (citation and internal quotation marks omitted) (emphasis added).[1]

**AFFIRMED.**

---

[1] Williams also challenges the merits of the district court's dismissal of his complaint. However, our review is limited to the district court's denial of Williams' Rule 60(b) motion. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment.") (citation omitted).