**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH DONG, | No. 17-55603 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-03539-GHK-AJW |
| v. | |
| BEN CARSON, Secretary, United States Department of Housing and Urban Development, a federal agency; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted October 12, 2018[**]
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,[***] District Judge.

Joseph Dong appeals the district court's denial of relief under Federal Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

of Civil Procedure 60(b)(1) and (b)(6).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

First, Rule 60(b)(1) allows courts to "relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).  When determining whether to grant relief for late filings or failures to appear under Rule 60(b)(1) for excusable neglect, we apply the test set forth in *Pioneer* and *Briones*.  *See Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).  We evaluate four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Bateman*, 231 F.3d 1223–24 (citing *Pioneer*, 507 U.S. at 395).  Ignorance and carelessness do not quality for Rule 60(b)(1) relief.  *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (1992).

Here, the district court properly applied the four *Pioneer-Briones* factors when Dong's counsel failed to oppose a motion to dismiss.  The district court concluded that the first factor weighed slightly against relief because six years had passed since the alleged discriminatory events.  As to the second factor, the one-year delay before Dong filed the Rule 60 motion weighed heavily against relief.

2

The district court also thoroughly discussed the third factor, concluding that the delay in filing the Rule 60 motion and Dong's counsel's ability to do other work during that time period weighed against relief. As to the final factor, Dong appeared to act in good faith which weighed slightly in his favor, but not enough to overcome the other factors.

Rule 60(b)(6) is a catch-all rule sparingly allowing for relief from a final judgment in "extraordinary circumstances" to prevent "manifest injustice." *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1171–72 (9th Cir. 2002); *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (1993). Here, Dong has failed to show extraordinary circumstances. Therefore, the district court did not abuse its discretion in denying the Rule 60 motion.[1]

**AFFIRMED.**

---

[1] We do not reach the merits of the underlying judgment. *See Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991) ("An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment").