**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD D. GIPAYA, | No. 18-17279 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00502-LEK-KSC |
| v. | |
| BARBARA M. BARRETT, Secretary of the Air Force, Department of the Air Force, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 4, 2020
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Gipaya argued before the district court that the Air Force failed to

reasonably accommodate his disabilities, discriminated against him because of his

race and disability status, and retaliated against him by terminating him because he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sought accommodations.[1] We review de novo the district court's grant of summary judgment. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We affirm the district court's order dismissing Gipaya's accommodations-based claims for lack of exhaustion and granting summary judgment to the Air Force on the claims for hostile work environment, discrimination, and retaliation.

The district court rightly dismissed Gipaya's "failure to accommodate" claims for lack of administrative exhaustion. *See Boyd v. United States Postal Serv.*, 752 F.2d 410, 413–14 (9th Cir. 1985) (holding that claims brought under Title VII and the Rehabilitation Act must first be brought before the agency). Gipaya did not contact an EEO counselor within 45 days of any allegedly discriminatory event. *See* 29 C.F.R. § 1614.105(a)(1); *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009).

The district court also rightly dismissed Gipaya's hostile work environment claim on the merits.[2] The record before the district court does not suggest that the

---

[1]Gipaya has waived his claims based on age and national origin by failing to challenge the district court's rulings on those causes of action before this Court.

[2]The district court found, in the alternative, that Gipaya had failed to exhaust his hostile work environment claim as well. We may affirm the district court on any ground supported by the record. *Engelson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1039 (9th Cir. 1992). Because we agree with the district court that Gipaya failed to raise a triable issue of material fact on the merits of his claim, we express no opinion on whether Gipaya also failed to exhaust that claim.

alleged instances of discrimination were "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686 (9th Cir. 2017) (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003)). Gipaya focuses on two particular circumstances—a delay in accommodating a request for an ergonomic chair and his supervisor's insistence that he perform job duties not listed in his job description. With respect to the chair incident, Gipaya admitted that he did not feel he was discriminated against on account of a protected ground, and he received the chair after a brief delay. With respect to his job duties, Gipaya was being asked to perform extra job duties as early as 2006—long before he suffered from any disability. His employer's conduct thus does not seem animated by Gipaya's protected characteristics, and in any case would not be sufficiently "extreme to amount to a change in the terms and conditions of employment." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Gipaya's disability discrimination claim also fails because he cannot show that "similarly situated employees not in [his] protected class received more favorable treatment." *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006). Gipaya's chosen comparator was not similarly situated to Gipaya "in all material respects"

because they did not have "similar jobs" and perform similar duties. *See Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1004 (9th Cir. 2019) (quoting *Moran*, 447 F.3d at 755; *Vasquez*, 349 F.3d at 641). Gipaya's role was more administrative in nature and did not require the extensive certifications that his chosen comparator had. The fact that Gipaya could have obtained those same certifications is beside the point; the Air Force was permitted to decide whether to retain Gipaya based on the job he was performing rather than the jobs he could have potentially performed.

Finally, the district court correctly granted summary judgment on Gipaya's retaliation claim. To establish a prima facie retaliation claim, Gipaya had to show that (1) he engaged in a protected activity, (2) suffered an adverse employment action, and (3) that "there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). Gipaya cannot show that he engaged in a protected activity or that his termination was caused by any alleged protected activity. Gipaya did not link either his request for an ergonomic chair or his request to "throttl[e] back" his work duties to his disability.

Even if Gipaya had established a prima facie case for retaliation or discrimination, summary judgment would still be proper because Gipaya failed to

raise a triable issue of material fact as to whether the Air Force's proffered reason for termination was merely pretext for unlawful discrimination. The Air Force acted pursuant to a mandate that reemployed annuitants be separated unless found to be mission critical, and Gipaya's position was not deemed mission critical. Gipaya cannot meet his burden of showing that "a discriminatory [or retaliatory] reason more likely motivated" the Air Force or that the proffered reason is "unworthy of credence." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000). The Air Force's explanation of Gipaya's termination was reasonable and supported by the factual record.

**AFFIRMED.**