NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALIFORNIA CRANE SCHOOL, INC.,
on behalf of itself and all others similarly
situated,

No. 24-4604

D.C. No.
5:21-cv-10001-PCP

Plaintiff - Appellant,

MEMORANDUM*

v.

GOOGLE LLC; ALPHABET INC.; XXVI
HOLDINGS INC; APPLE INC.; TIM
COOK; SUNDAR PICHAI; ERIC
SCHMIDT,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

Argued and Submitted August 20, 2025
San Francisco, California

Before: CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

California Crane School ("Crane") appeals the district court's Rule 12(b)(6)

dismissal of Crane's claims against Apple and Google and the denial of its motion

to set aside the judgment. This court has jurisdiction under 28 U.S.C. § 1291. We

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm both rulings.

1. The district court found that most of Crane's claims against Google were subject to arbitration. We review the district court's partial grant of Google's motion to compel arbitration de novo. *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 860 (9th Cir. 2021). When a party moves to compel arbitration, the court must determine (1) "whether a valid arbitration agreement exists" and (2) "whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "If the answer is yes to both questions, the court must enforce the agreement." *Id.*

The district court correctly determined that the parties' arbitration agreement was valid and enforceable and that it covers the claims for which the district court ordered arbitration. As relevant here, an arbitration clause is unenforceable under California law only if it is both procedurally and substantively unconscionable. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (applying California law). The "threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (citation omitted). If "there is an opportunity to opt out," then the agreement is "not adhesive" and thus not procedurally unconscionable. *Id.* Here, Google's Terms of Service allow would-be advertisers like Crane a chance to opt out of arbitration and still purchase advertising services, yet Crane never opted

out. The arbitration clause was neither procedurally nor substantively unconscionable, nor does it violate the Seventh Amendment.[1]

2. This court reviews the Rule 12(b)(6) dismissal of an antitrust claim de novo. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Id.* To adequately allege an unlawful agreement under § 1 of the Sherman Act, a plaintiff must "plead not just ultimate facts (such as a conspiracy), but evidentiary facts which, if true, will prove: (1) a … conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce …; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). "[B]are assertion[s] of conspiracy will not suffice"; allegations must be "plausible" and not "merely consistent with" an illegal agreement. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

Crane asserts that the public vertical agreement that sets Google as the default search engine on Apple's browser is evidence of a secret horizontal conspiracy

---

[1] The district court also determined that Crane's claim against Google under the California Cartwright Act and Unfair Competition Law (UCL) was not subject to arbitration. Because we affirm the district court's dismissal of Crane's claims under Rule 12(b)(6), including the dismissal of this UCL claim, we need not reach whether the district court's arbitration ruling as to the UCL claim against Google was correct, as Google agreed at oral argument.

involving Apple's promise not to compete with Google in the search business. But Crane failed to advance well-pleaded allegations suggesting direct evidence of any such secret agreement. The public vertical agreement between Apple and Google contains no non-compete provisions. Crane's allegations that "Apple and Google have agreed in various writings, including in their written Revenue Sharing Agreement and in their written Pre-Installation Agreement that Apple would not compete … with Google" are conclusory and therefore insufficient to plausibly plead the point. *See Name.Space, Inc. v. ICANN*, 795 F.3d 1124, 1129 (9th Cir. 2015).

Crane has also failed to allege any circumstantial evidence supporting its assertions. Circumstantial evidence ordinarily requires "parallel conduct" (such as "competitors adopting similar policies around the same time") and "plus factors" that reduce the possibility that the alleged conspirators acted independently (such as common motive or acts against self-interest). *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193–94 (9th Cir. 2015). As circumstantial evidence, Crane points to the vertical agreement, meetings between Apple's and Google's CEOs, and the fact that Apple has not built a competing search engine.

None of these allegations are sufficient to plausibly plead the existence of a horizontal conspiracy. The vertical agreement is a lawful, mutually beneficial relationship consistent with "independent business decisions." *Name.Space*, 795

4                                    24-4604

F.3d at 1130. On its own, the vertical agreement does not suffice to show the existence of a horizontal conspiracy. Similarly, the CEO meetings are explicable in light of the companies' vertical agreement and do not exceed the ordinary level of professional interaction expected of business executives. Crane's bare assertion that "Apple had actively worked on developing its own general search engine as a potential competitor to Google" is insufficient. Crane alleges no details about Apple's supposed efforts to build a search engine, how far the efforts progressed, when it abandoned them, or what drove it to abandon them. Instead, we agree with the district court that the equally (if not more) likely explanation for Apple's decision not to enter the search engine market involves "the actual and opportunity costs of developing a search engine, [and] the difficulty of competing with existing search engines." We conclude that the district court properly dismissed Crane's claims under Rule 12(b)(6). Crane's remaining claims are all derivative of its Sherman Act § 1 claim and fail for the same reasons.

3. This court reviews the denial of a motion to set aside the judgment under Rule 59(e) or Rule 60(b) for abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). "Under this standard, [this court] can reverse only if a district court 'does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse

5                                                                24-4604

of discretion.'"  *Id.* (quoting *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

In support of its motion, Crane points to the Information Services Amendment ("ISA") and Joint Cooperation Agreement ("JCA") from the Google monopolization litigation.  *See United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024). Neither document is "newly discovered evidence."  As the district court noted, the evidence "was publicly available as early as November 2023, well before the February 8, 2024 hearing on the [motion to dismiss]."  Had Crane "exercised due diligence," it "would have been able to find this evidence," which was available on the Department of Justice's website months before the court issued its final judgment.  We conclude that the district court did not abuse its discretion in denying Crane's motion to set aside the judgment.

**AFFIRMED.**