MEMORANDUM ***
Plaintiff-Appellant Harold Williams appeals the dismissal of his personal injury lawsuit against Manson Construction Company (“Manson”). After the parties failed to file pretrial materials in accordance with the Local Rules, the district court, Honorable George P. Schiavelli presiding,[1] issued an Order to Show Cause (“OSC”) “why the Court should not impose significant sanctions ..., including dismissal of this action.” Due to a series of mishaps, Williams’s counsel failed to file a timely response to the OSC. The district court dismissed the action for failure to prosecute. Williams then moved for relief under Federal Rule of Civil Procedure (“Rule”) 60(b), claiming excusable neglect.[2] That motion was denied.
Williams appeals both the initial dismissal and the denial of relief under Rule 60(b).[3] A district court’s order denying relief under Rule 60(b) is reviewed under the abuse of discretion standard. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). “A district court abuses its discretion if it does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion.” Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (citing Hunt v. Nat’l Broad. Co., Inc., 872 F.2d 289, 292 (9th Cir.1989)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
Rule 60(b)(1) provides that a court may relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Excusable neglect includes negligence on the part of counsel. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997) (relying upon Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).
[D]etermination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.
Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir.2000) (citing Pioneer Inv. Servs., 507 U.S. at 395, 113 S.Ct. 1489).
The district court cited the four factors and held that the third and fourth factors weighed against a finding of excusable neglect. However, the district court failed to consider the first and second factors, noting only that prejudice might result to parties before the court on other matters. Thus, the district court failed to completely apply the correct legal standard in considering whether excusable neglect had been shown.
*163 Examining all of the Pioneer factors, the record weighs in favor of granting the Rule 60(b) motion for relief. First, although we agree that counsel’s excuses for missing the deadlines are weak, we disagree with the district court’s intimation of bad faith on the part of Williams’s counsel. The statement that the court website was not operational on certain dates was based on a lack of technical information concerning the functioning of counsel’s own server, not on bad faith prevarication of counsel. As explained by the declaration of counsel’s computer technician, the problem with the server was not discovered until March 25, 2008, well after the March 12 declaration, containing the preliminary but inaccurate explanation, was provided to the court. Second, the danger of prejudice to Manson was negligible considering the fact that Manson’s counsel had also missed both filing deadlines. Third, the length of the delay was only a few days and Williams indicated on March 24, 2008, that he was fully prepared for trial on the original trial date.
In sum, because it did not fully address all of the Pioneer factors we require courts to consider, the district court abused its discretion in denying Williams’s Rule 60(b) motion for relief.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Judge Schiavelli resigned from the bench effective October 5, 2008.

. The district court properly determined that Rule 54(b), the second stated basis for Williams's motion for relief, was inapplicable.

. Because we hold that the district court abused its discretion by failing to grant relief from the dismissal under Rule 60(b), we need not determine the propriety of the initial dismissal.