**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED KENNETH MACDONALD, | No. 15-56429 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-01088-BEN-KSC |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 13, 2017[**]
Pasadena, California

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Appellant Fred Kenneth MacDonald ("MacDonald") appeals the district

court's denial of his Federal Rule of Civil Procedure 60(b) motion to reopen his

case, vacate his voluntary dismissal without prejudice, and enter a new dismissal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with prejudice. A district court's denial of a Rule 60(b) motion is a final, appealable order. *Griffin v. Gomez*, 741 F.3d 10, 25 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion, *Lemoge v. United States*, 587 F.3d 1188, 1191–92 (9th Cir. 2009), and we affirm.

The district court did not abuse its discretion in denying MacDonald's Rule 60(b) motion because MacDonald failed to establish grounds for relief. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (allowing reversal of a Rule 60(b) order only if the district court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." (quoting *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992))).

We do not reach MacDonald's arguments concerning the merits of the underlying case because "[a]n appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989); *see also Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991).

The parties shall bear their own costs on appeal.

**AFFIRMED.**