NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN K. REED,

               Plaintiff-Appellant,

  v.

OHIO SAVINGS BANK; et al.,

               Defendants-Appellees.

No. 20-55217

D.C. No. 2:19-cv-03019-PSG-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

John K. Reed appeals pro se from the district court's post-judgment order in his action alleging federal and state law claims arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Reed's motion for relief under Federal Rule of Civil Procedure 60(b) because Reed failed to demonstrate any basis for such relief. *See id.* at 1263 (setting forth grounds for relief under Rule 60(b)); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (Rule 60(b)(4) "applies only in the rare instance" of a certain type of jurisdictional error or violation of due process); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102-04 (9th Cir. 2006) (Rule 60(b)(6) relief may be granted only where extraordinary circumstances are present); *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir. 1992) (discussing grounds for equitable relief under Rule 60(b)(1)).

We do not consider Reed's contentions regarding the underlying judgment because Reed failed to file a timely notice of appeal as to the judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment). Because Reed's motion for relief under Rule 60(b) was filed more than 28 days after the entry of judgment, it did not toll the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Reed's request for lis pendens is denied.

**AFFIRMED.**